# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROY EDWARD ATES, JR. #58507 | § | |
| | § | |
| V. | § | A-17-CV-0762-SS |
| | § | |
| SHERIFF THOMAS NORSWORTHY, | § | |
| et al. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Plaintiff is pro se and was granted leave to proceed *in forma pauperis*. Before the Court are Plaintiff's Complaint (Docket Entry "DE" 1) and more definite statement (DE 7).

## STATEMENT OF THE CASE

Roy Edward Ates brings this section 1983 complaint based on events occurring during his pretrial detention in the Burleson County Jail. Named as Defendants are Burleson County Sheriff Thomas Norsworthy; Cathy Hutchenson, Jail Nurse; Dr. Stuart Yoffe, the medical doctor for the Burleson County Jail; Sam Davee, Jail Administrator; and retired Burleson County Sheriff Dale Stroud. Ates does not state whether he sues each defendant in their official or individual capacity. Ates alleges Defendants instructed and allowed uncertified jail staff to distribute prescribed medication to inmates, and that "on several occasions" he was given the wrong medication. Ates also asserts that from January 8, 2017, through April 25, 2017, he was forced to spend his recreation

time in shackles and handcuffs. (DE 1 at 9).[1] Ates seeks injunctive relief, specifically, "[a] complete overhaul of the Burleson County Jail medical procedures." (DE 1 at 4). Ates also seeks $200,000 in relief from each Defendant. *Id.*

Ates was ordered to file a more definite statement. (DE 6). In his more definite statement he avers Defendant Stroud and Defendant Norsworthy "allowed uncertified jail staff to continue to pass out both prescription and non-prescription meds" and that "on several occasions [he] refused the meds, because they were not [his] correct meds." (DE 7 at 1). Ates alleges Defendant Hutchinson "being the only nurse working for Burleson County that is licensed to pass out meds" "would then give consent for Jailers who were not certified to pass out medications in her absence." *Id.* Defendant Yoffe "would write med prescriptions to me and would not follow up on how meds were working with me, not giving me proper medical attention never following up on me, knew that medications were being passed by uncertified jails and did nothing." Defendant Davee was "ordering non certified staff to pass prescription and non prescription meds." (DE 7 at 2).

Ates contends he was denied his constitutional rights "each and every time I was not giv[en] my correct meds. . . ." (DE 7 at 3). Ates asserts that because uncertified individuals were distributing medication and "on occasion" distributed the wrong medication, he did not get the correct medication for his severe anxiety, and would become anxious. (DE 7 at 5). Ates further asserts that, as a result of being shackled during his recreation time, his exercise was restricted and he has scars on his ankles. (DE 7 at 5-6). Ates alleges he was shackled during his non-contact visitation with his fiancee, who suffered mental anguish as a consequence. (DE 7 at 5).

---

[1] On January 8, 2017, Ates was placed in segregated detention for six days as punishment for allegedly assaulting two Burleson County Jail Correctional Officers. (DE 1 at 17). Ates was then placed in administrative detention through April 12, 2017. (DE 1 at 19).

2

## DISCUSSION AND ANALYSIS

A.  **Review under 28 U.S.C. § 1915A**

Ates' claims must be screened pursuant to 28 U.S.C. § 1915A. Under § 1915A, if a complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the complaint, or any portion of the complaint. *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998). When reviewing the complaint under § 1915A, a court must construe the allegations liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  **Merits**

  1.  **Distribution of medications**

Ates implies that allowing non-certified jail employees to distribute prescription medication is against jail policy. This, however, is a far cry from showing that any such practice violates Ates' constitutional rights.

Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment. *Alderson v. Concordia Parrish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). Like a convicted person, a detainee must be provided basic medical treatment by those who are responsible for his custody. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *citing Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). To succeed in a § 1983 action based on "episodic acts or omissions" in violation of the Fourteenth Amendment, a pretrial detainee must

show subjective deliberate indifference by the defendants—that the defendant knew of and disregarded a substantial risk of serious harm. *Alderson*, 848 F.3d at 420; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Texas A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

Deliberate indifference "exists wholly independent of an optimal standard of care." *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). It is "is an extremely high standard[ ]" and requires that a plaintiff "show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (internal quotation marks and citation omitted). Even unsuccessful medical treatment, negligence, or medical malpractice is not enough to give rise to such a claim. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). And, specific to the facts of this case, the mere failure of prison authorities to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Ates asserts that because medication was dispensed by unlicensed individuals, on an unspecified number of occasions he was offered the incorrect medication for his anxiety. This is far less than is required to show Defendants were deliberately indifferent to his serious medical needs, and he wholly fails to allege that it resulted in any harm to him. Having an unlicensed individual distribute medications and being presented with the "wrong" medication on an unspecified number of occasions does not show deliberate indifference to Ates' serious medical needs. The federal courts that have considered similar claims have agreed that such facts do not state a constitutional

4

claim: "Prisoners have no constitutional right to have their medication dispensed by a licensed medical practitioner. Federal law, furthermore, does not require that medication be dispensed solely by licensed practitioners." *Breakiron v. Neal,* 166 F. Supp. 2d 1110, 1116 (N.D. Tex. 2001); *Grant v. Aubrey Cole Law Enforcement Ctr.*, 2012 WL 3112060, at *7 (E.D. Tex. 2012); *Benefield v. Humphreys Cty. Sheriff Dep't*, 2015 WL 4635429, at *2 (M.D. Tenn. 2015). Further, the harm Ates alleges—that he became anxious on an unspecified number of occasions because he missed his medication—is insufficient to establish a constitutional violation. *See, e.g., Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).

### 2. Shackling

Pretrial detainees have a substantive due process right not to be housed under conditions of confinement that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979). However, not every restriction imposed during pretrial detention constitutes punishment in the constitutional sense. Absent evidence of an expressed intent to punish on the part of correctional officials, a particular condition or restriction will not be considered punitive if the condition or restriction is reasonably related to a legitimate governmental objective, such as maintaining institutional order and security. *Id.* at 538-40. "Prison conditions may be restrictive and even harsh." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). To constitute impermissible punishment, a condition must be one that is "arbitrary or purposeless," and "not reasonably related to a legitimate goal." *Bell*, 441 U.S. at 539; *Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir. 2009). Ates states that he was shackled during recreation, but this was as a result of being placed in administrative and punitive segregation; Ates was in segregation because he allegedly assaulted two jail guards. The use of restraints, while harsh, is not unreasonable if based on the legitimate goal

5

of maintaining security at the jail. *Moore v. Frasier*, 104 F. App'x 385, 386 (5th Cir. 2004) (requiring pretrial detainee to wear restraints while in recreation yard did not violate the Constitution because it was not for purposes of punishment). Furthermore, Ates has alleged only de minimis injury resulting from the use of restraints. The Constitution is not concerned with "a de minimis level of imposition." *Hamilton v. Lyons*, 74 F.3d 99, 106 (5th Cir. 1996).

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **RECOMMENDED** that the Court include within its judgment a provision expressly and specifically warning Ates that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Finally, it is **RECOMMENDED** that Ates be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

**OBJECTIONS**

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 8th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE